**Angelica Fuentes TELLEZ, Plaintiff,**

**v.**

**Jose Carlos Vergara MADRIGAL, et al., Defendants.**

**EP–15–CV–304–KC**

United States District Court, W.D. Texas, El Paso Division.

Filed 12/09/2016

Marcos G. Ronquillo, Jose Luis Gonzalez, Fishman Jackson Ronquillo PLLC, Dallas, TX, Carlos F. Concepcion, Michelle Theresa Della Guardia, Ricardo Hugo Puente, Miami, FL, Sidney Smith McClung, Dallas, TX, for Plaintiff.

Geoffrey D. Weisbart, Julie A. Springer, Mia A. Storm, Sara E. Janes, Weisbart Springer Hayes, LLP, Austin, TX, Ruben S. Robles, Robles, Bracken & Hughes, El Paso, TX, for Defendant.

## ORDER

KATHLEEN CARDONE, UNITED STATES DISTRICT JUDGE

On this day, the Court considered Defendant Jorge Carlos Vergara Madrigal's ("Vergara") Motion to Dismiss for Forum Non Conveniens, Subject to Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(2) ("Motion to Dismiss") (ECF No. 44). The Court also considered Vergara's Motion to Exclude Expert Opinions of David Lopez (ECF No. 57) and Motion to Exclude Expert Opinions of Lawrence Villalobos (ECF No. 58). For the reasons set forth below, Vergara's Motion to Dismiss is **DENIED**. Also, Vergara's Motion to Exclude Expert Opinions of David Lopez and Motion to Exclude Expert Opinions of Lawrence Villalobos are **DENIED** as moot.

## I. BACKGROUND

Angelica Fuentes Tellez ("Fuentes") and Vergara jointly own Grupo Omnilife S.A. de C.V. ("Grupo Omnilife"), a holding company based in Mexico "that owns and operates an international network of vitamin and mineral manufacturers and distributors" ("Omnilife Entities"). Am. Compl. at 1, 5. Fuentes served as Chief Executive Officer ("CEO") of Grupo Omnilife and the Omnlife Entities from 2007 to 2015. *Id.* at 2. Vergara owns 51% of the shares of Grupo Omnilife and serves as the President and Chairman of the Board for both Grupo Omnilife and Omnilife USA, a Texas corporation that runs Grupo Omnilife's operations in the United States. *Id.* at 1, 6. In February 2010, Fuentes purchased shares in Grupo Omnilife and now owns 49% of Grupo Omnilife's shares. *Id.*

Fuentes and Vergara were married in 2008 and have two minor children. *Id.* at 1. Fuentes is a Mexican national who currently is a lawful permanent resident of El Paso, Texas. *Id.* at 3. Vergara is a Mexican national who resides in Guadalajara, Mexico. In March 2015, Vergara learned that Fuentes planned to seek a divorce. *Id.* at 2, 6. Vergara allegedly became concerned that Fuentes would liquidate her shares of Grupo Omnilife, which were "worth hundreds of millions of dollars" and thereafter "designed a scheme involving acts of coercion and intimidation directed at [Fuentes], with the ultimate goal of taking [Fuentes's] shares in Grupo Omnilife, and keeping the shares for himself." *Id.* Vergara planned to oust Fuentes from Grupo Omnilife so he could acquire complete control of Grupo Omnilife and its subsidiaries, including Omnilife USA. *Id.*

On April 3, 2015, Fuentes alleges that Vergara called a meeting of the Grupo Omnilife shareholders (the "April 3 Meeting") "with the purpose of removing [Fuentes] as CEO of Grupo Omnilife, and the other Omnilife Entities, and depriving her of her rights and powers as CEO of those entities and as a shareholder of Grupo Omnilife." *Id.* at 7. Vergara removed Fuentes as CEO of Grupo Omnilife and

the Omnilife Entities, removed "all administrative employees who he perceived to be aligned with [Fuentes]," and "took official corporate action to prevent the individuals who he removed from being paid for their work the prior year." *Id.* at 9. After Vergara assumed control of Grupo Omnilife, Omnilife USA, and the Omnilife Entities, he allegedly revoked Fuentes's authority with respect to corporate credit cards and bank accounts, removed her security detail, and prevented her from accessing the books and records of Grupo Omnilife, Omnilife USA, and the Omnilife Entities. *Id.* at 11.

Vergara is also alleged to have threatened Fuentes on a number of occasions. On April 8, 2015, Vergara requested that Fuentes's former attorney meet with Vergara to discuss a potential settlement. *Id.* at 13. At the meeting, "Vergara threatened that if [Fuentes] refused to relinquish her shares in Grupo Omnilife, Vergara would destroy her career, reputation, and public image, and even take her children away from her." *Id.* On July 9, 2015, Vergara met Fuentes at her home in El Paso, Texas. *Id.* During this visit, Vergara told Fuentes that if she "did not turn over her stock to him, he would put her in jail, destroy her reputation, and ... take her children away." *Id.*

Fuentes alleges that Vergara threatened her safety and damaged her "personal and business reputation with the sole objective of usurping her 49% interest in Grupo Omnilife." *Id.* at 2. Fuentes alleges that in the course of Vergara's "personal vendetta" against Fuentes, "Vergara has harmed Grupo Omnilife, Omnilife USA[,] and the other *Omnilife* subsidiaries and has sent them into chaos, without any sound business-related reason for his actions." *Id.* at 3. Through this pattern of behavior Vergara "gained complete control over Grupo

Omnilife, Omnilife USA, and the other subsidiaries." *Id.* at 2.

On December 18, 2015, Fuentes filed her Amended Complaint, asserting three claims against Vergara under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c), and (d); a claim under Texas Business Organizations Code §§ 21.218 and 21.222 for examination of books and records of Omnilife USA; a claim for equitable accounting under Texas law; a claim for breach of a fiduciary relationship under Texas law, and a claim to place Omnilife under a rehabilitative receivership under Texas Business Organizations Code § 11.404. *See generally* Am. Compl.

On March 8, 2016, Defendants filed their Joint Motion to Dismiss for Forum Non Conveniens. ECF No. 44. On April 29, 2016, Fuentes filed her Opposition to Defendants' Joint Motion to Dismiss for Forum Non Conveniens. ECF No. 51. On June 21, 2016, Defendants filed their Reply in Support of their Joint Motion to Dismiss for Forum Non Conveniens. ECF No. 59.

On June 17, 2016, Defendants filed their Motion to Exclude Expert Opinions of David Lopez (ECF No. 57) and Motion to Exclude Expert Opinions of Lawrence Villalobos (ECF No. 58). On July 1, 2016, Fuentes filed a Response in Opposition to Defendants' Motion to Exclude Expert Opinions of David Lopez (ECF No. 62) and a Response in Opposition to Defendants' Motion to Exclude Expert Opinions of Lawrence Villalobos (ECF No. 63). On July 15, 2016, Defendants filed a Reply to the Response in Opposition to Defendants' Motion to Exclude Expert Opinions of David Lopez (ECF No. 65) and a Reply to the Response in Opposition to Defendants' Motion to Exclude Expert Opinions of Lawrence Villalobos (ECF No. 66).

## II. DISCUSSION

### A. Standard

 The doctrine of forum non conveniens permits a court to dismiss a case properly in its jurisdiction in favor of trial in another forum with jurisdiction "when trial in the plaintiff's chosen forum would 'establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience' or when the 'chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Blum v. Gen. Elec. Co.*, 547 F.Supp.2d 717, 725 (W.D. Tex. 2008) (quoting *Kempe v. Ocean Drilling & Expl. Co.*, 876 F.2d 1138, 1141 (5th Cir. 1989) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947))). The doctrine of forum non conveniens derives from the "court's inherent power to control parties in cases before it and to prevent its process from becoming instrument of abuse or injustice." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987). "The ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986) (quoting *Koster*, 330 U.S. at 527, 67 S.Ct. 828).

 A forum non conveniens dismissal must be based on a finding that, when weighed against plaintiff's choice of forum, a set of relevant public- and private-interest factors strongly favor a specific, adequate, and available alternative forum. *Veba–Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983). First, the district court must assess whether the proposed alternative forum is available and adequate. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). Second, "[i]f the [district] court concludes that the foreign forum is both available and adequate, it should then consider all of the relevant factors of private interest, weighing in the balance the relevant deference given the particular plaintiff's initial choice of forum." *Air Crash*, 821 F.2d at 1165. Finally, "[i]f the district court finds that the private interests do not weigh in favor of the dismissal, it must then consider the public interest factors." *Id.* "[N]o one private or public interest factor should be given conclusive weight." *Id.* at 1163. If the private- and public-interest factors weigh in the movant's favor, the court may dismiss the case. *Festor v. Wolf*, 647 F.Supp.2d 750, 754 (W.D. Tex. 2009).[1]

 The moving party bears the burden of persuasion when invoking the forum non conveniens doctrine. *Camejo v. Ocean Drilling & Expl.*, 838 F.2d 1374, 1379 (5th Cir. 1988); *Prevision Integral de Servicios Funerarios, S.A. v. Kraft*, 94 F.Supp.2d 771, 775 (W.D. Tex. 2000). "This burden of persuasion runs to all the elements of the

---

1. The Court notes that courts variously describe the forum non conveniens analysis as requiring a two-step or three-step inquiry. The courts that prefer the "two-step" description consider weighing the private- and public-interest factors as one step in the analysis. *See, e.g., Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221–22 (5th Cir. 2000) ("If an alternate forum that is both available and adequate exists [—step one—], the court must next assess whether, considering relevant private interest and public interest factors, dismissal is warranted."). Many other courts, however, label the private- and public-interest factors analyses as independent steps. *See, e.g., Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (1993) ("A *forum non conveniens* analysis involves a three-step inquiry...") Whether the consideration of private- and public-interest factors is better characterized as involving one or two steps, the prescribed analytical structure—consider whether the alternative forum is adequate and available; consider the private-interest factors; consider the public-interest factors—is clear.

forum non conveniens analysis." *Air Crash*, 821 F.2d at 1164. The Supreme Court has explained that "a defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing plaintiff's chosen forum." *Sinochem Intern. Co. Ltd. v. Malay. Intern. Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).

 Indeed, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private- and public-interest factors clearly point towards dismissal and trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Dismissal for forum non conveniens is appropriate only in "exceptional circumstances," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), where the defendant makes a strong showing that the alternative forum would be significantly more convenient. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794–95 (5th Cir. 2007).[2] Unless the private- and public-interest factors "strongly" favor the defendant's proposed forum, "the plaintiff's choice of forum should rarely be disturbed." *Id.* at 795 (quoting *Piper*, 454 U.S. at 241, 102 S.Ct. 252).

### B. Vergara's Motions to Exclude Expert Opinions

Fuentes relies on affidavits from David Lopez, an expert on Mexican law, and Lawrence Villalobos, an expert on security and risk assessment, to support her Opposition to Vergara's Motion to Dismiss. *See* Pl.'s Op. 19–26. Vergara has moved to exclude these affidavits. Mot. to Exclude Expert Opinions of David Lopez; Mot. to Exclude Expert Opinions of Lawrence Villalobos. The Court finds that the affidavits of David Lopez and Lawrence Villalobos are not needed to conduct the forum non conveniens analysis and does not consider their contents herein. *See Hobbs v. Ketera Techs.*, Inc., 865 F.Supp.2d 719, 736 (N.D. Tex. 2012) (denying evidentiary objections as moot when resolving the objections was not necessary to the motion at hand); *Wuellner Oil & Gas, Inc. v. EnCana Oil & Gas (USA) Inc.*, 861 F.Supp.2d 775, 787 (W.D. La. 2012) (same)." Accordingly, Vergara's Motion to Exclude Expert Opinions of David Lopez (ECF No. 57) and Motion to Exclude Expert Opinions of Lawrence Villalobos (ECF No. 58) are **DENIED** as moot.

### C. Vergara's Arguments for Dismissal

Vergara argues that "Mexico is an available and adequate forum" and that "every one of the relevant private and public interest factors ... weigh definitively in favor of dismissal." Mot. to Dismiss 13, 15. Fuentes counters that Mexico is neither an available nor an adequate forum and that the private- and public-interest factors militate against dismissal. Pl.'s Op. 17. The Court now examines these arguments in turn. *See Baumgart*, 981 F.2d at 835.

#### 1. Adequacy and availability of Mexico as an alternative forum

 The first step of the forum non conveniens analysis involves a two-part in-

---

**2.** The Ninth Circuit has elaborated on the extraordinary nature of a forum non conveniens dismissal:

The doctrine of forum non conveniens is a drastic exercise of the court's inherent power because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case. ... Therefore, we have treated forum non conveniens as an exceptional tool to be employed sparingly, and not a doctrine that compels plaintiffs to choose the optimal forum for their claim.

*Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (internal quotations omitted).

quiry into the availability and the adequacy of the proposed alternative forum. The defendant bears the burden of demonstrating the existence of an available and adequate alternative forum to prevail on a motion to dismiss for forum non conveniens. *Blum*, 547 F.Supp.2d at 725.

■ Vergara argues that Mexico is an available forum by highlighting the Fifth Circuit's "numerous" decisions holding that Mexico is an "available" forum for defendants willing to submit to jurisdiction there—and similarly highlights that his submission to jurisdiction in Mexico creates a "nearly airtight presumption that Mexico is an available forum." *See id.* at 13 (quoting *In re Ford Motor Co.*, 591 F.3d 406, 412–13 (5th Cir. 2009)). Fuentes responds by asserting that her "entire case" could not come within the jurisdiction of a Mexican forum. Pl.'s Op. 18–20.

■ An alternative forum is considered available if the entire case and all parties can come within its jurisdiction. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). When a defendant agrees to submit to the jurisdiction of an alternative forum, that forum is "indisputably *available*." *Adams v. Merck & Co. Inc.*, 353 Fed.Appx. 960, 962 n.2 (5th Cir. 2009); *see also Veba–Chemie*, 711 F.2d at 1243, 1245 (5th Cir. 1983) (holding that a "defendant's submission to the jurisdiction of an alternative forum renders that forum available for the purposes of *forum non conveniens* analysis.").

Here, the defendant, Vergara, has agreed to submit to the jurisdiction of the alternative forum. Mot. to Dismiss 14 n.8.

And since it is clear that the "defendant's submission to the jurisdiction of an alternative forum renders that forum available for purposes of forum non conveniens analysis[,]" that must be the end of the analysis. *Prevision*, 94 F.Supp.2d at 776 (quoting *Syndicate 420*, 796 F.2d at 830). Mexico is an available forum.

Next, Vergara contends that "Mexican law and [the Mexican] judicial system are 'competent, fair, and adequate to address [Fuentes's] claims.' " Mot. to Dismiss 15. Vergara also argues that, "while Fuentes may not be able to assert identical claims and obtain identical remedies in Mexico," she can still assert claims on the basis of the facts alleged in her Complaint and avail herself of a wide variety of remedies should those claims prove meritorious. *Id.* Finally, Vergara asserts that Fuentes's concerns about the adequacy of the Mexican justice system are "undermined by the fact that she is currently litigating" there; "has been successful in obtaining some relief in Mexico; and has asked this Court ... to defer to the outcome of ... Mexican court proceedings" in one instance. *Id.* at 15–16. Fuentes responds that Mexico is an inadequate forum because "Vergara has manipulated the Mexican legal system to deny her any semblance of fairness or basic justice" and because she "faces a very real threat to her life and safety if she returns there." Pl.'s Op. 20, 24.

■ A peculiar feature of federal forum non conveniens law is that it is the plaintiff who must overcome a presumption of adequacy of the proposed foreign forum. *DTEX*, 508 F.3d at 796.[3] The plaintiff must

---

**3.** The plaintiff faces a presumption of adequacy of the foreign forum despite the overarching burden on the defendant to prove all elements of the forum non conveniens analysis. *Indusoft, Inc. v. Taccolini*, No. 12-CV-052-LY, 2012 WL 12883135, at *2 (W.D. Tex. Dec. 17, 2012) ("The substantive law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there."); *Air Crash*, 821 F.2d at 1164.

show that it is "highly unlikely" that she will be able "to obtain basic justice" in the alternative forum or show that the remedies available to her in the alternative forum are "no remedy at all" to defeat the presumption of adequacy. *Id.*; *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. 252.

The Court is mindful that Fuentes has raised a multitude of serious allegations concerning her ability to litigate on an even keel in Mexico, ranging from baseless arrest warrants that will result in her incarceration if she returns to Mexico to multiple unfounded nine-figure judgments against her. Pl.'s Op. 20–26. In particular, the Court "do[es] not take lightly" Fuentes's assertion that her very life would be imperiled should she return to Mexico. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1291 (11th Cir. 2009) (considering the danger plaintiff may risk by appearing in a foreign forum); *see also Licea v. Curacao Drydock Co., Inc.*, 537 F.Supp.2d 1270, 1274–76 (S.D. Fl. 2008) (considering "ongoing, particularized danger to plaintiffs" and concluding that dismissal would not "serve the ends of justice").

Still, the Court is reluctant to conclude that Fuentes has shown that Vergara's wealth and influence are so vast that he can "manipulat[e] ... the foreign legal system so as to render it unfair to [Fuentes]." Pl.'s Op. 23. The Court is all the more hesitant in light of Fuentes's own considerable wealth and influence, *see* Pl.'s Op. 3, and because it appears that Fuentes has initiated litigation against Vergara in Mexico on several recent occasions. *See* Decl. of Carlos Loperena 8. The standard for defeating the presumption of adequacy of an alternative forum—that is, showing that it is "highly unlikely" that she will be able "to obtain basic justice" in Mexico or that the remedies available to her there amount to "no remedy at all[,]"—is strin-

gent, and the Court is not persuaded that Fuentes has met it. *DTEX*, 508 F.3d at 796; *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. 252.

When confronted by similar circumstances, another judge of this Court saw fit simply to "presume that Mexico is an available and adequate forum" and move on to "consider the remaining factors." *See Festor*, 647 F.Supp.2d at 755. This Court adopts the same approach and assumes without deciding that Mexico is an adequate forum. Accordingly, the Court concludes that Mexico is available and assumes without deciding that it is an adequate alternative forum.

### 2. Private–interest factors

The Court now turns to assess the factors relating to the parties' private interests, which include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, —— U.S. ——, 134 S.Ct. 568, 581 & 581 n.6, 187 L.Ed.2d 487 (2013). The defendant carries the burden of proving all elements of the forum non conveniens analysis, including the private-interest factors. *Air Crash*, 821 F.2d at 1164.

### a. Relative ease of access to sources of proof

The first private-interest factor is the "relative ease of access to sources of proof." *Atl. Marine*, 134 S.Ct. at 581 n.6. Vergara argues that "virtually all of the witnesses and documents are in Mexico" and casts doubt on whether Fuentes's proposed witnesses are relevant to this case. Mot. to Dismiss 16. Vergara also asserts

that the "vast majority of documentary evidence is in Mexico" and that "the necessity of providing translators for the witnesses' testimony" and documents would unduly burden the Court. *Id.* at 17–18. Fuentes contends that at least 21 of her 33 potential witnesses live in the United States and that "significant documents relating to the corporate activities of Omnlife USA ... are already located in the United States." Pl.'s Op. 30–31. Fuentes also highlights case law holding (1) that defendants can arrange for the willing attendance in court of their employees, *see Raytheon Eng'rs & Constructors, Inc. v. HLH & Assocs.*, 142 F.3d 1279, 1998 WL 224531, *5 (5th Cir. 1998), and (2) that a defendant's failure to identify essential witnesses who are unavailable or unwilling to attend militates against dismissal for forum non conveniens. *See Prevision*, 94 F.Supp.2d at 778.

It is clear that some inconvenience would result to either party with respect to access to sources of proof whether trial was held in Mexico or in the United States. There appear to be substantial numbers of witnesses and documentary evidence located in both places. Another judge of this Court has found that the first private-interest factor did not favor dismissal on similar facts, writing:

> Accordingly, the Court is of the opinion that the relative ease and access to sources of proof does not does not weigh in favor of dismissing the case. Vast amounts of evidence exist in both Germany and the United States, and it has not been demonstrated that the evidence in Germany is more plentiful or more significant than the evidence in the United States.

*Bund Zur Unterstutzung Radargeschadigter E.V. v. Raytheon Co.*, No. EP-04-CV-127PRM, 2006 WL 3197645, at *7 (W.D. Tex. Aug. 30, 2006).

Much the same is true here. Accordingly, the Court finds the first private-interest factor does not favor dismissal.

**b. Availability of compulsory process for attendance of unwilling witnesses and the costs of obtaining the attendance of willing witnesses**

The second private-interest factor is the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses." *Atl. Marine*, 134 S.Ct. at 581 n.6. With respect to the availability of compulsory process, Vergara argues that "[t]here are several non-party witnesses in Mexico who cannot be compelled to attend depositions or trial in Texas." Mot. to Dismiss 18. Fuentes responds that this Court may not have subpoena power over witnesses located in Mexico, but Mexican courts likewise lack subpoena power over witnesses located in the United States. Pl.'s Op. 32–33. Fuentes further notes that Vergara has made no showing that any witnesses will be unwilling to testify nor explained the particular importance of any such witness to the case. *Id.* at 32.

This Court has held that the second private-interest factor is neutral when "compulsory process would be a challenge in either forum." *Bund Zur Unterstutzung*, 2006 WL 3197645, at *8. And indeed, compulsory process would be a challenge in either forum in this case. *See Prevision Integral*, 94 F.Supp.2d at 779 (explaining that Mexican courts lack subpoena power over witnesses in the United States). Crucially, the relevant inquiry here is not whether compulsory process over some number of witnesses is likely to be more or less convenient in one place or another, but merely whether it is "availab[le]." *Atl. Marine*, 134 S.Ct. at 581 n.6. Thus, the Court finds the compulsory process dimension of the second private-interest factor to be neutral.

With respect to the cost of obtaining attendance of witnesses, Vergara avers that "the vast majority of witnesses are in Mexico," Def.'s Reply 25, and that "the cost of attending willing witnesses will be great." Mot. to Dismiss 18. Fuentes responds by noting that "[d]efendants have not shown that it would be more costly . . . for Vergara . . . to bring his witnesses . . . to the United States . . . than for Fuentes to bring her witnesses . . . to Mexico." Pl.'s Op. 32. Vergara replies that Fuentes has made an "apparent concession that the cost of attendance of willing witnesses will be great." Def.'s Reply 25.

Vergara argues that the cost of obtaining attendance for willing witnesses would be great, but he fails to demonstrate that the costs of securing witnesses to appear in the United States exceed the costs of securing witnesses to appear in Mexico. *See* Mot. to Dismiss 18–20. Asserting that there are more witnesses in Mexico and that the cost of their attendance would be "great" is relevant to, but not the same as, carrying the movant's burden of demonstrating that the cost of securing witnesses strongly disfavors trial in the plaintiff's chosen forum. *See Veba–Chemie*, 711 F.2d at 1245.

For example, Vergara cites to case law explaining that a large number of Mexican witnesses in many different locations adds to the cost of securing attendance. Mot. to Dismiss 18 (citing *DTEX*, 512 F.Supp.2d at 1025). But Vergara makes no showing that his witnesses are more geographically dispersed, and thus more expensive to "obtain," than Fuentes's witnesses. *Atl. Marine*, 134 S.Ct. at 581 n.6. Vergara similarly fails to shed any light on whether his witnesses are more or less "willing" to appear at trial than Fuentes's witnesses, compounding the Court's difficulty in making a studied assessment of which forum is most convenient with respect to the cost of obtaining witnesses. *Id.* The Court accordingly concludes that Vergara has not met his burden of showing that the second private-interest factor favors dismissal.

#### c. Possibility of view of premises

The third private-interest factor is the "possibility of view of premises, if view would be appropriate to the action." *Atl. Marine*, 134 S.Ct. at 581 n.6. The parties have not briefed this issue, and the Court finds it irrelevant to this case.

#### d. All other practical problems that make trial of a case easy, expeditious, and inexpensive

■ The fourth private-interest factor is "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine*, 134 S.Ct. at 581 n.6. Vergara advances a number of related arguments in cursory fashion, including: (1) "[w]ithout Grupo Omnilife, this Court could resolve . . . only a small portion of the dispute[;]" (2) "the wrongfulness of Fuentes's ouster is presently being determined by the Mexican courts[;]" (3) "the relative expense of proceeding in Mexico versus Texas is . . . lower[;]" and (4) "that this entire proceeding is duplicative and unnecessary because the parties are already litigating in Mexico." Mot. to Dismiss 19–20. Fuentes largely does not respond to these contentions, arguing only that Vergara's concerns about expenses related to language barriers are of no consequence, since "certain documents may be in Spanish, but many others will be in English." Pl.'s Op. 33. The Court is unpersuaded by Vergara's bald and unsubstantiated assertions but nonetheless addresses them briefly in turn below.

As to Vergara's first argument, the Court notes that Vergara, not Grupo Omnilife, is the defendant in this action. Vergara has not met his burden of showing how Grupo Omnilife's nonparty status is a

barrier to resolving the dispute between the parties.

As to Vergara's second argument, the question in this case is whether Vergara violated the Racketeer Influenced and Corrupt Organizations Act and the laws of Texas. Vergara has not met his burden of showing how ongoing litigation in Mexico concerning the wrongfulness of Fuentes's ouster would make trial in the United States less "easy, expeditious, or inexpensive." *See Atl. Marine*, 134 S.Ct. at 581 n.6.

As to Vergara's third argument, the Court is not persuaded that Vergara has carried his burden of demonstrating that the relative expense of proceeding in Mexico is indeed lower than proceeding in the United States. *See Veba–Chemie*, 711 F.2d at 1245.

As to Vergara's fourth argument, the Court is doubtful that arguments about redundant and unnecessary litigation are properly considered under the "easy, expeditious, and inexpensive trial" factor. In any case, the Court does not credit perfunctory statements to the effect that "this entire proceeding is duplicative and unnecessary." Thus, the fourth private-interest factor does not militate for dismissal.

### e. Enforceability of judgments

 Courts often consider the enforceability of judgments in the plaintiff's and defendant's preferred forums as another factor in the forum non conveniens analysis. *Prevision*, 94 F.Supp.2d at 780. Vergara claims that "the heart of the dispute is ownership and control over Grupo Omnlife," and that "it is not at all clear that a U.S. judgment would be meaningfully enforceable ... as Grupo Omnilife is not subject to jurisdiction [in the United States]." Mot. to Dismiss 24. Vergara also notes that Fuentes "fails to address how this Court could avoid a conflict with Mexican law ... as the wrongfulness of Fuentes's ouster is presently being deter-

mined by the Mexican courts." Def.'s Reply 26.

The Court reiterates that Vergara, not Grupo Omnlife, is the defendant in this action. The Court further believes that the core of Fuentes's complaint is her RICO claims, and accordingly that the "heart of the dispute" is better characterized as a claim for RICO violations. *See* Am Compl. 1–4. Finally, it is Vergara's burden as the movant to show how any potential conflict with Mexican law might constitute a barrier to the enforceability of any judgment entered by this Court. *Air Crash*, 821 F.2d at 1164. Vergara has not met this burden; the enforceability-of-judgments factor does not weigh in favor of dismissal.

### f. Whether plaintiff's lawsuit is calculated to vex or harass the defendant

 Finally, courts often consider whether the plaintiff has sought to vex or harass the defendant as yet another factor in the forum non conveniens analysis. *Prevision*, 94 F.Supp.2d at 781. Vergara declares that "there is no reason for Fuentes to pursue this case except to obtain some sort of advantage over Vergara in their ongoing disputes" and that "this case is duplicative of ongoing litigation in Mexico." Mot. to Dismiss 20. Vergara offers no legal authority to shore up these desultory contentions, and the Court is unconvinced that Fuentes's lawsuit is vexatious or designed to harass.

### g. Level of deference owed to plaintiff's selected forum

 Once the Court has considered all the private-interest factors, it must weigh the factors with the appropriate level of deference to the plaintiff's selected forum. *Air Crash*, 821 F.2d at 1165 (holding that courts must consider "all of the relevant factors of private interest, weighing in the

balance the relevant deference given the particular plaintiff's initial choice of forum"). There is a question as to precisely what deference is owed to Fuentes, who is a lawful permanent resident of the United States, but not a United States citizen. Pl.'s Op. 29. Vergara argues that Fuentes's "significant presence" in a foreign forum means that she is entitled to less deference in her choice of a domestic forum. Mot. to Dismiss 12. Vergara also asserts that: "because Fuentes is not a U.S. citizen ... her choice to pursue litigation in Texas is not entitled to the usual deference." *Id.* Fuentes rejoins that "because [she] legally resides in El Paso, her choice ... is entitled to the same deference as an American plaintiff suing in her home forum." Pl.'s Op. 28.

The Court is unconvinced by Vergara's argument that Fuentes's significant presence in a foreign forum means that her choice of a U.S. forum is entitled to less deference. Vergara cites *DTEX, LLC v. BBVA Bancomer, S.A.*, 512 F.Supp.2d 1012, 1020 (S.D. Tex. 2007) in support of this proposition. In *DTEX*, the court wrote:

> [T]he plaintiff's choice of forum is not dispositive. Judicial concern for allowing citizens of the United States access to American courts has been tempered by the expansion and realities of international commerce. *When an American corporation doing extensive foreign business brings an action* for injury occurring in a foreign country, many courts have partially discounted the plaintiff's preference of a United States forum.

*DTEX*, 512 F.Supp.2d at 1020 (emphasis added) (internal citations omitted).

The Court is unaware of any cases in this Circuit that extend the logic of *DTEX* from reducing the deference owed to a *corporate* plaintiff's choice of forum to re-ducing the deference owed to an *individual* plaintiff's choice of forum. Accordingly, the Court reads the *DTEX* court's "partial[ ] discount[ing] of the plaintiff's preference of a United States forum" as cabined to those circumstances where the plaintiff is a "corporation doing extensive foreign business." *Id.* Of course, Fuentes is an individual plaintiff suing for a RICO violation, not "a corporation doing extensive foreign business." *Id.* Consequently, the Court does not reduce the deference owed to Fuentes because "she has a significant presence in Mexico." Mot. to Dismiss 12.

Further, it is generally true that, as Vergara urges, "a foreign plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. at 256, 102 S.Ct. 252. Still, the seminal forum non conveniens case draws a "distinction between *resident* or citizen plaintiffs and foreign plaintiffs" as to the deference owed to each category of persons—and for good reason. *Id.* (emphasis added). "When a plaintiff chooses a foreign forum for its claims, courts are reluctant to assume that convenience motivated that choice," and therefore the plaintiff's choice is entitled to less deference than would otherwise be afforded it. *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau–Unterweser, A.G.*, 955 F.2d 368, 373 (5th Cir. 1992) (citing *Piper*, 454 U.S. at 255–56, 102 S.Ct. 252). By contrast, when a "resident or citizen" plaintiff chooses its home forum, "it is reasonable to assume that this choice is convenient[,]" and the rationale for diminished deference falls away. *Piper*, 454 U.S. at 256, 102 S.Ct. 252. "Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* Following the same logic, a noncitizen resident plaintiff's choice generally deserves the standard deference. *See id.*

Bearing in mind Fuentes's lawful permanent resident status and that "[c]onvenience is at the heart of the inquiry[,]" *Command–Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992), the Court evaluates the private-interest factors with the standard deference for Fuentes. *See Piper*, 454 U.S. at 255, 102 S.Ct. 252 ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."). While the Court declines to reduce that deference for Fuentes, it also notes that courts have held that: "[e]ven with a lesser degree of deference, the action should be dismissed only if the chosen forum is shown to be genuinely inconvenient and the selected forum significantly preferable." *Blum*, 547 F.Supp.2d at 726 (internal quotations omitted). Thus, if the Court were to apply a lesser degree of deference here, Vergara would be required to make a considerable showing of inconvenience to meet the standard for dismissal. *See id.*

### h. Balancing the private-interest factors

None of the private-interest factors outlined in *Atlantic Marine* militate for dismissal.[4] Similarly, the enforceability-of-judgments factor does not counsel for dismissal, and Vergara has not shown that Fuentes's litigation is calculated to vex or harass. The Court concludes that Vergara has not met his burden of demonstrating

that the private-interest factors "clearly point towards trial in the alternative forum." *Piper*, 454 U.S. at 255, 102 S.Ct. 252. Having found that the private-interest factors do not weigh in favor of dismissal, the Court turns to the public-interest factors. *Air Crash*, 821 F.2d at 1165.[5]

### 3. Public–interest factors

■ The public-interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Festor*, 647 F.Supp.2d at 753. If these factors weigh in the movant's favor, the court may dismiss the case. *Id.* The movant has the burden of proving that the public-interest factors favor dismissal. *Id.*

### a. Administrative difficulties flowing from court congestion

■ The first public-interest factor is "the administrative difficulties flowing from court congestion." *Festor*, 647 F.Supp.2d at 753. Vergara contends that "the Western District of Texas has the most total filings of any district within the Fifth Circuit, and the sixth most filings of any district in the United States." Mot. to Dismiss at 21. Vergara concludes that

4. The private-interest factors include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine*, 134 S.Ct. at 581 n.6.

5. The Court evaluates the private-interest factors with the standard deference to Fuentes's choice of forum. *See supra* 17–20. However, even if the Court were to evaluate the private-interest factors with a lesser degree of deference to Fuentes's choice of forum, the result would be the same, since no private-interest factor counsels for dismissal.

"[p]articularly when there is ongoing litigation in Mexico arising from the same facts, this factor favors dismissal." *Id.* Fuentes responds that Defendants "have produced no information that Mexican court dockets are any less congested than this Court's docket[,]" and that the "absence of any such evidence negates this factor." Pl.'s Op. 35.

This Court has previously been loath to attach "undue weight" to this factor when the "[d]efendant's description of the alternative is not sufficiently detailed to permit the Court to make an informed comparison or balance." *Prevision*, 94 F.Supp.2d at 781; *see also Bund Zur Unterstutzung*, 2006 WL 3197645, at *10 ("Defendants have not ... provided any evidence pertaining to the size ... of the relevant German dockets. Because the Court has insufficient information upon which to make an informed finding, the Court declines to factor this element into its analysis."). Here, Vergara offers no information that would enable the Court to make an intelligent appraisal of whether its docket is more or less congested than Mexican court dockets. *See* Mot. to Dismiss 20–21. Thus, the first public-interest factor counsels against dismissal. *Prevision*, 94 F.Supp.2d at 781.

**b. The local interest in having localized controversies resolved at home**

■ The second public-interest factor is "the local interest in having localized controversies resolved at home." *Festor*, 647 F.Supp.2d at 753. Vergara declares that this case involves "a Mexican plaintiff and Mexican defendants[,]" "a large Mexican corporation[,]" "Mexican law[,]" and that "the Mexican public has shown a great deal of interest in the dispute[.]" Mot. to Dismiss 21–22. Fuentes counters that "Texas has a clear interest in having an action filed by a Texas resident, about a

Texas corporation, arising under Texas statutes and common law, as well as federal law, resolved in Texas." Pl.'s Op. 36.

This Court has previously held that "the United States and Texas have very strong interests in adjudicating Plaintiffs' contentions that Defendant violated Texas laws by using instrumentalities of United States commerce." *Prevision*, 94 F.Supp.2d at 781. Fuentes brings causes of action against Vergara pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, Sections 21.218 and 21.222 of the Texas Business Organizations Code for access to Omnilife USA's books and records, Section 11.404 of the Texas Business Organizations Code for rehabilitative receivership, as well as causes of action for equitable accounting and breach of informal fiduciary duty under Texas law. *See* Am. Compl. 16–27. Fuentes also asserts a cause of action against Vergara for defamation per se. *See id.* at 27–28. The Court concludes that "the local community has a substantial interest in" the resolution of claims of a Texas resident under Texas law concerning a Texas corporation, as well as claims arising under federal law, even if those claims are against a Mexican citizen and the case has a substantial nexus with Mexico. *See Bund Zur Unterstutzung*, 2006 WL 3197645, at *10. Therefore, the Court finds that this factor does not weigh in favor of dismissal.

**c. The interest in having trial in a forum that is familiar with the governing law; the avoidance of unnecessary problems in conflicts of law or in the application of foreign law**

■ The third public-interest factor is "the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign law." *Festor*, 647 F.Supp.2d at 753. Ver-

gara sets forth an array of arguments here that are nearly bereft of citation to legal authority and have little apparent value to assisting the Court in assessing which forum is likely to be more familiar with the law governing this action, how to avoid unnecessary problems in conflicts of law, or how to avoid unnecessary problems in the application of foreign law. *See* Mot. to Dismiss 28–29. Accordingly, the Court concludes that Vergara has not met his burden in demonstrating that the third public-interest factor favors dismissal.

### d. The unfairness of burdening citizens in an unrelated forum with jury duty

■ The fourth public-interest factor is "the unfairness of burdening citizens in an unrelated forum with jury duty." *Festor*, 647 F.Supp.2d at 753. Vergara asserts that jury service would be unfair for El Pasoans if this case went to trial because "the question is not whether *Fuentes* has a connection to El Paso but whether *El Paso* is related to this litigation. It is not." Mot. to Dismiss 29. Fuentes responds that the forum is not unrelated to the controversy. Pl.'s Op. 38. The Supreme Court has held that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil*, 330 U.S. at 509–10, 67 S.Ct. 839.

Vergara's avowals that El Paso is unrelated to this litigation ignore a cardinal fact: Omnilife USA is headquartered in El Paso, TX.[6] Given this connection, "it would be unreasonable to hold that the case has no relation to the forum." *Bund Zur Unterstutzung*, 2006 WL 3197645, at *11.

Consequently, the fourth public-interest factor does not favor dismissal.

### e. Balancing the public-interest factors

No public-interest factor weighs in favor of dismissal, much less the balance of the factors. As a result, the Court finds that the public-interest factors favor denying Vergara's motion.

### 4. Vergara's arguments for dismissal fail

While it is clear that this litigation will cause some inconvenience for the parties regardless of which forum adjudicates the case, the facts before the Court do not favor dismissal. Vergara has not made the requisite showing that his preferred forum is significantly more convenient and will better serve justice than Fuentes's chosen forum. *See Syndicate 420*, 796 F.2d at 827 (quoting *Lumbermens Mut. Cas. Co.*, 330 U.S. at 524, 67 S.Ct. 828). Moreover, Vergara certainly has not shown that Fuentes's forum choice is disproportionately oppressive and vexatious to him out of all proportion with her convenience. *Blum*, 547 F.Supp.2d at 725 (quoting *Ocean Drilling & Expl. Co.*, 876 F.2d at 1141 (5th Cir. 1989) (quoting *Lumbermens Mut. Cas. Co.*, 330 U.S. at 524, 67 S.Ct. 828)). Accordingly, as demonstrated above, even assuming that Mexico is an available and adequate alternative forum, the private- and public-interest factors counsel against dismissing this case for forum non conveniens.

### III. CONCLUSION

For the foregoing reasons, Vergara's Motion to Dismiss for Forum Non Conveniens (ECF No. 44) is **DENIED.** More-

---

6. Omnilife USA is one of two enterprises that Fuentes alleges Vergara unlawfully seized control of in violation of RICO; Fuentes also brings claims under the Texas Business Organizations Code for examination of the books and records of Omnilife USA and to institute a rehabilitative receivership over Omnilife USA. *Supra* at 632.

over, Defendants' Motion to Exclude Expert Opinions of David Lopez (ECF No. 57) and Motion to Exclude Expert Opinions of Lawrence Villalobos (ECF No. 58) are **DENIED** as moot.

**SO ORDERED.**