COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ALEJANDRO DIAZ, | § | No. 08-18-00184-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 3 |
| LUIS AURELIO TODD, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2017-dcv4425) |

## CONCURRING OPINION

I agree with the court's adoption of *Tellez v. Madrigal*, 223 F. Supp. 3d 626, 640 (W.D. Tex. 2016), over *DTEX, LLC v. BBVA Bancomer, S.A.*, 512 F. Supp. 2d 1012, 1020 (S.D. Tex. 2007) in this instance. As a Texas resident—whether longtime or newly arrived—I agree that Diaz is afforded a strong presumption of convenience when the trial court performs its *forum non conveniens* inquiry. *Tellez*, 223 F. Supp. 3d at 641. Yet, it must be additionally acknowledged that the Supreme Court of the United States instructed in *Piper Aircraft* that "[a] citizen's forum choice should not be given dispositive weight[.]" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.23 (1981) ("As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.") Thus, I write separately to reiterate that our opinion should not be construed as necessarily rebuking the trial court's conclusion, but merely its explicit reliance in this instance on *DTEX*. On remand, the trial court must again perform a *forum non conveniens* inquiry that weighs the public

factors applicable here against plaintiff's choice as guided by the analysis of *Tellez*. 223 F. Supp. 3d at 640.

GINA M. PALAFOX, Justice

November 4, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.