**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**
No. 96-21076

DOROTHY DIANE PLUMLEY, FRIEND OF GEORGE W. PLUMLEY, DECEASED,

Plaintiff-Appellant,

VERSUS

LANDMARK CHEVROLET INC.; DONALD HAMILTON,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
September 24, 1997

Before KING, DUHÉ, and WIENER, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:

George Plumley ("Plumley") sued Landmark Chevrolet, Inc. ("Landmark") and Donald Hamilton ("Hamilton"), a Landmark salesman, alleging slander, intentional infliction of emotional distress, and violations of both the Texas Deceptive Trade Practices Act ("DTPA") and the Americans with Disabilities Act ("ADA") based upon statements Hamilton made. Plumley died before the suit was resolved. His wife, Dorothy ("Appellant"), was substituted as plaintiff. Landmark and Hamilton moved for summary judgment. The magistrate judge, to whom the case was referred, recommended summary judgment be granted on the slander and intentional infliction of emotional distress claims only. Both parties

contested the magistrate judge's recommendation. The district court then granted summary judgment on all claims and alternately found that Appellant failed to state a claim under Fed. R. Civ. P. 12(b)(6). Appellant appeals.

Appellant requests that the district court be reversed for ruling that: 1) under Texas law, causes of action for slander, intentional infliction of emotional distress, and the DTPA do not survive Plumley's death; 2) Plumley was not a consumer as defined by the DTPA; 3) a claim under the ADA does not survive Plumley's death; 4) Plaintiff failed to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We affirm in part and reverse and remand in part.

## I. BACKGROUND

George Plumley and his son, Wesley, entered into an agreement with Landmark Chevrolet to buy a used pickup truck. Pursuant to the agreement, the truck was to be purchased and registered in Wesley's name; however, Plumley was to provide $500 of the purchase price and to co-sign Wesley's note. A few days later, Landmark asked Plumley to return to the dealership to discuss alternate financing. On this visit, Plumley brought his son, daughter-in-law, and her daughter with him.

Plumley submitted to Hamilton a long term disability form which revealed that Plumley had AIDS. Upon learning that Plumley had AIDS, Hamilton allegedly became abusive and repudiated the pending contract stating "[w]e just don't want your business".

2

Hamilton also allegedly asked Wesley if he had a "f---ing problem" and called Plumley a "f---ing faggot". Both of these comments were made in the presence of Plumley's daughter-in-law and her young daughter. Wesley Plumley purchased a truck elsewhere.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews a grant of summary judgment <u>de</u> <u>novo</u>. <u>Rogers v. International Marine Terminals, Inc.</u>, 87 F.3d 755, 758 (5th Cir. 1996). Dismissal of a complaint under Rule 12(b)(6) is also reviewed <u>de</u> <u>novo</u>. <u>Kramer v. Smith Barney</u>, 80 F.3d 1080, 1084 (5th Cir. 1996).

### B. THE SLANDER CLAIM

The district court erroneously held that the slander cause of action did not survive Plumley's death. <u>See</u> TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West 1986) (stating that a cause of action for personal injury to reputation "survives to and in favor of the heirs, legal representatives, and estate of the injured person"); <u>see</u> <u>also</u> <u>Channel 4, KGBT v. Briggs</u>, 759 S.W.2d 939, 940 n.1 (Tex. 1988) (noting that plaintiff's defamation claim survived his death).

Landmark argues that even if the district court erred as to survivability, it was correct in granting summary judgment because there was no publication of the slanderous comment and no proof of

special damages.  Because all words are not actionable, a plaintiff must prove either special damages (slander per quod) or that the words impute the commission of a crime, injure the plaintiff officially, professionally, or occupationally, or impute unchastity to a woman (slander per se).  Gulf Const. Co. v. Mott (Civ. App. 1969) 442 S.W.2d 778.  Here, Landmark argues that Hamilton's comment was not slander per se because the only crime imputed is sodomy which in Texas is a misdemeanor punishable by fine only. We disagree.  Head v. Newton, 596 S.W.2d 209, 210 (Tex. Civ. App.-- Houston [14th Dist.] 1980, no writ), holds that calling someone "queer" is slander per se even though sodomy is a misdemeanor no longer punishable by imprisonment.  Thus, when Hamilton called Plumley a "faggot", Hamilton imputed the crime of sodomy to Plumley.  Therefore, the alleged remark is slander per se and Plumley does not have to prove special damages.

Landmark further argues that a third party must believe the defamatory statement for the statement to be published. Landmark contends that the statement is not published here because the daughter-in-law did not believe the comment and her daughter was too young to understand it.  Again, we disagree.

Texas law states that actionable slander requires oral communication or publication without legal excuse.  Glenn v. Gidel, 496 S.W.2d 692, 697 (Tex. Civ. App--Amarillo, 1973, no writ). Moreover, the oral statement must be communicated to a third party in such a way that the third party understands the words in a defamatory sense.  Id. at 697.  Here, the daughter-in-law heard the

4

statement and could have understood its defamatory sense; therefore, there is at least a question of fact whether the statement was published. The district court erred in granting summary judgment and the plaintiffs have alleged a prima facie case of slander per se. Because Appellant has made a prima facie case, the district court erred in dismissing Appellant's claim under Rule 12(b)(6).[1]

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Texas Survival Statute provides that a cause of action for personal injury to health, reputation, or body survives the injured person's death. TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West 1986). Plumley's intentional infliction of emotional distress claim does not fall within this statute because that tort does not injure health, reputation, or body. See Boyles v. Kerr, 855 S.W.2d 593, 598 (Tex. 1993) (stating that there is no requirement that emotional distress manifest itself physically to be compensable). Therefore, we affirm the district court's grant of summary judgment on this claim.

## C. THE DTPA

Appellant argues that the DTPA claim survives a plaintiff's death. The Texas appellate courts are split on the issue, Thomes v. Porter, 761 S.W.2d 592, 594 (Tex. App.--Fort Worth 1988, no

---

[1]We do not address the 12(b)(6) ruling in the other claims because we affirm the summary judgment rulings on those claims.

writ)(holding that DTPA claims survive), <u>Mahan Volkswagen, Inc. v. Hall</u>, 648 S.W.2d 324, 333 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.) (holding the same), <u>First Nat'l Bank of Kerrville v. Hackworth</u>, 673 S.W.2d 218, 221 (Tex. App.--San Antonio 1984, no writ)(holding that DTPA does not survive), <u>Mendoza v. American Nat'l Ins. Co.</u>, 932 S.W.2d 605, 609 (Tex. App.--San Antonio 1996, no writ)(holding no DTPA survival), and the Texas Supreme Court has declined to reach the issue. <u>Shell Oil Co. v. Chapman</u>, 682 S.W.2d 257, 259 (Tex. 1984). We need not reach the issue but affirm on other grounds.

Under the DTPA only a consumer may complain about deceptive practices. TEX. BUS. & COM. CODE ANN. § 17.50 (West 1987). Under § 17.45(4), a "consumer" is:

> an individual, partnership, corporation, [Texas], or a subdivision or agency of [Texas] who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

Appellant argues that Plumley was a consumer because he sought to buy a used truck for his son. She also argues that borrowers of money are consumers when the purpose of borrowing is to purchase goods or services. We reject these argument and hold that Plumley was not a consumer. Plumley was not purchasing the truck; his son was. The truck was to be purchased and registered in Wesley's name. Moreover, it was Wesley who was borrowing money to purchase the truck. Wesley, then, is the consumer under DTPA § 17.45(4).

6

Here, Plumley was the guarantor.  He provided $500 of the purchase price and was to be co-signor of Wesley's note.  Plumley, then, does not fall within the DTPA because guarantors are not consumers. Kenneth H. Hughes Interests, Inc. v. Westrup, 879 S.W.2d 229 (Tex. App.--Houston [1st Dist.] 1994, writ denied).

E. THE ADA

Appellant asks this court to reverse the district court's ruling that the ADA claim did not survive Plumley's death. Appellant urges this Court to look to state law to determine the fate of ADA actions when the plaintiff dies.  Landmark, however, argues that the ADA claim cannot survive because Plumley's claim was brought under Title III, Subchapter III of the ADA.  See 42 U.S.C. § 12181 et seq. (1990).

According to 42 U.S.C. § 12188, the plaintiff is limited to injunctive relief, and a restraining or other similar order. Appellant requests injunctive and declaratory relief.  To obtain standing for injunctive relief, a plaintiff must show that there is reason to believe that he would directly benefit form the equitable relief sought.  Hoepfl v. Barlow, 906 F. Supp. 317, 321 (E.D. Va. 1995).  In other words, a plaintiff must face a threat of present or future harm.  Id. at 320.  Here, Appellant seeks an injunction based on a past wrong.  The Supreme Court held in City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983), that a plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again.

Appellant cannot meet this threshold. Plumley has died and his son bought another truck. It is unlikely that Landmark will wrong Plumley again.

Appellant also requests declaratory relief; however, to obtain it she must show that an actual case or controversy under the ADA exists. <u>Lawson v. Callahan</u>, 111 F.3d 403, 405 (5th Cir. 1997). Again, Appellant cannot meet this threshold. No actual controversy exists between Plumley and Landmark because Plumley is deceased and Wesley has bought another truck. For these reasons, we hold that Plumley's ADA claims do not survive.

CONCLUSION

Because Appellant has made a <u>prima</u> <u>facie</u> case of slander <u>per se</u>, we reverse the district court's grant of summary judgment and Rule 12(b)(6) dismissal of that claim. With regard to the other claims, the Appellant has failed to show that the ADA and intentional infliction of emotional distress claims survive and that Plumley was a consumer within the DTPA. As a result, we affirm the district court's grant of summary judgment as to those claims. Thus, we

AFFIRM in part, REVERSE in part, and REMAND.