COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JUAN ALVAREZ GOTTWALD and  §
AXIOM, S.A. DE C.V.,                            No. 08-16-00044-CV

§

Appellants,                      Appeal from the

§

v.                                                   171st District Court

§

ROSA DELGADO DOMINGUEZ DE       of El Paso County, Texas
CANO,   LUCIO   MARIO   CANO  §
BARRAZA, MARIO SERGIO DELGADO      (TC# 2013DCV4096)
DOMINGUEZ, BLANCA DELGADO DE  §
URQUIDI, AND PATRICIA ALVARES
OZUNA,                                            §

Appellees.                      §

§

**O P I N I O N**

Appellants, Juan Alvarez Gottwald (Alvarez) and Axiom S.A. de C.V. (Axiom) (collectively Appellants), filed a civil suit in Texas against five Texas residents (collectively Appellees) alleging that Appellees caused emotional distress and damages, and were unjustly enriched, after filing a criminal complaint, and/or giving testimony in support of charges, in a Mexican proceeding over a contract dispute involving the purchase of undeveloped real property in Juarez, Mexico. Appellants are non-residents of Texas. After Appellees filed a motion to dismiss based on *forum non conveniens*, the trial court granted their motion and dismissed the case.

Appellants appealed the trial court's dismissal order. On July 13, 2018, we issued an opinion and judgment reversing the trial court's order and remanded the case for further proceedings consistent with our opinion. Appellees subsequently filed a motion for rehearing. We hereby deny Appellees' motion for rehearing, withdraw the opinion and judgment issued on July 13, 2018, and substitute the following opinion.

## BACKGROUND

### *The Parties*

Alvarez, the sole director of co-appellant Axiom, resides in Doña Ana County, New Mexico. Axiom is a Mexican corporation doing business in Mexico.

With one exception, Appellees are all Delgado family members—three siblings and one in-law. Among them, the siblings include Rosa Delgado Dominguez de Cano (Rosa Cano), Mario Sergio Delgado Dominguez (Mario Delgado), and Blanca Delgado de Urquidi (Blanca Urquidi). Lucio Mario Cano Barraza (Lucio Cano), is the in-law and he is married to Rosa. Sibling Mario Delgado and married couple Rosa Cano and Lucio Cano, are all citizens of Mexico who reside in Texas. Appellee Blanca Urquidi is a citizen of the United States and resides in Texas.

Appellee Patricia Alvarez Ozuna (Patricia Ozuna) is the unrelated fifth person named in the suit who facilitated the initial contact between Alvarez and certain members of the Delgado family. Patricia Ozuna has dual citizenship with Mexico and the United States and resides in Texas.

### *Contract to Purchase Land*

As alleged in Appellants' third amended original petition, on or about July 23, 2008, Axiom

2

entered into a contract to purchase undeveloped land in Ciudad Juarez, Mexico, from four members of the Delgado family: (1) Appellee Rosa Cano; (2) Appellee Mario Delgado; (3) Federico Delgado, who is now deceased and succeeded in interest by Monica Idaly Delgado Nevarez; and (4) Jesus Delgado, a defendant named in the underlying suit who has not yet been served with process.

The purchase price of the property was structured to include both a fixed and a contingent payment: first, Axiom agreed it would initially pay $1,059,394.08; and second, if, within two years, the Delgados obtained government authorization to establish water and sewage utilities for the property, Axiom would then be required to pay an additional $2,188,759.68. There is no dispute the contract was executed in Mexico, and by its terms, Mexican law governed the transaction, and no part of it required performance in the United States. Appellee Ozuna acted as an intermediary who relayed messages between Alvarez, as director of Axiom, and the Delgados regarding Axiom's purchase of the Delgado property. Appellee Blanca Urquidi did not participate as a named party to the contract.

Although Axiom made the initial payment as promised, a dispute arose between the parties over the authorization to establish utilities for the property and the resulting payment owed in satisfaction of the contingency. Although the Delgados provided a letter from a government official which purportedly authorized the establishment of utilities, Axiom asserted the letter fell short of authorizing permits acceptable for commercial development as required by their agreement. Axiom asserted it would extend the time for performance of the contingency but it would not accept the authorization as tendered. In opposition, the Delgados contended that they had fully performed their duties under the contract, and Axiom owed them the additional payment

3

of $2,188,759.68.

Under Mexican law, fraudulent insolvency to the detriment of creditors is a crime punishable by a sentence of imprisonment up to four years and a fine. On or about May of 2011, the Delgados complained to authorities and criminal charges were filed against Alvarez in a Mexican proceeding alleging that Alvarez had rendered Axiom insolvent to avoid paying its debt. The Delgados asserted that Alvarez had transferred assets from Axiom to another Mexican company he controlled thereby causing Axiom to become insolvent. Based on the criminal complaint, on August 23, 2013, Alvarez was arrested and imprisoned in the Cereso Prison of Juarez, Mexico. A Mexican court later conducted a preliminary hearing in which several members of the Delgado family and others testified. The Mexican court found sufficient evidence to support a preliminary investigation and ordered that Alvarez remain in custody until November 28, 2013. Rather than await trial or appeal the decision, after eleven days of confinement, Alvarez paid the Delgado family the full amount of the contingency payment and all criminal charges were dismissed as provided by Mexican law.

Alvarez and Axiom subsequently sued Rosa Cano, Lucio Cano, Mario Delgado, Blanca Urquidi, Patricia Ozuna, Monica Idaly Delgado Nevarez, and Jesus Ignacio Delgado Dominguez in the 171st District Court in El Paso County, alleging they caused Alvarez to be imprisoned in Mexico by filing the criminal complaint against him.[1] Appellants' causes of action were for abuse of process, conspiracy to abuse process, intentional infliction of emotional distress, conspiracy to commit intentional infliction of emotional distress, and money had and received. As damages, Appellants sought restitution for the money he paid to the Delgados to obtain the dismissal of the

---

[1] These latter two defendants were never served with process.

Mexican criminal charge, for emotional distress, and for exemplary damages for "substantial injury and harm." On its own, Axiom also filed suit in a Mexican court against Rosa Cano, Mario Delgado, Monica Nevarez, and Jesus Delgado, alleging unjust enrichment and sought restitution of the same funds at issue in the lawsuit filed in El Paso County.

In addition to a plea to the jurisdiction, Appellees filed a motion to dismiss the El Paso County lawsuit on the ground of *forum non conveniens*. Appellees asserted that the relevant witnesses and physical evidence were in Mexico and controlling legal questions needed to be decided under Mexican law. The trial court granted the motion and issued findings of fact and conclusions of law in support of its order. The trial court concluded that (1) a court in Mexico is an alternative forum; (2) that the dispute between the parties was factually and legally a Mexican dispute such that the facts arose in Mexico and Mexican law would be necessarily involved in resolving the dispute; (3) that both the private and public interests weighed heavily in favor of the lawsuit being litigated in a Mexican court; and (4) that a court in Mexico provided the more appropriate court to resolve the dispute. Appellants appealed the trial court's grant of Appellees' motion to dismiss.

**DISCUSSION**

In three issues, Appellants argue the trial court abused its discretion in granting Appellees' motion to dismiss on the grounds of *forum non conveniens*. Appellants' first two issues challenge the sufficiency of the evidence in support of the dismissal of the case, asserting that (1) no alternative forum was shown to be "available;" and (2) no evidence exists to support dismissal. In their third issue, Appellants contend the evidence established that El Paso County not only maintains jurisdiction over all parties but also provides a convenient forum that works no injustice

to Appellees-movants.

## Standard of Review

The determination of whether to grant or deny a motion to dismiss based on the doctrine of *forum non conveniens* is committed to the sound discretion of the trial court. *Quixtar Inc. v. Signature Management Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). As such, reversing a trial court's dismissal under the doctrine of *forum non conveniens* is only proper when there has been a clear abuse of discretion. *Id*. (quoting *Piper Aircraft Co*., 454 U.S. at 257) (emphasis added). A trial court commits an abuse of discretion when it acts without reference to any guiding rules and principles, and when there is no evidence to support its ruling. *Id*. (citing *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985)); *Tullis v. Georgia-Pacific Corp*., 45 S.W.3d 118, 132–33 (Tex. App.—Fort Worth 2000, no pet.) (citing *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989)). In assessing whether a trial court abused its discretion, relevant factors include the legal and factual sufficiency of evidence supporting the court's findings. *Tullis*, 45 S.W.3d at 121.

In determining a legal sufficiency issue, we consider all evidence in the light most favorable to the party in whose favor the court ruled, and indulge every reasonable inference from the evidence in that party's favor. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). A legal sufficiency issue may only be sustained when the record discloses (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence;

6

or (4) the evidence establishes conclusively the opposite of a vital fact. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). There is some evidence to prove the existence of a vital fact when the proof supplied furnishes a reasonable basis for reasonable minds to reach differing conclusions as to the existence of a vital fact. *Orozco v. Sander*, 824 S.W.2d 555, 556 (Tex. 1992).

## Doctrine of *Forum Non Conveniens*

*Forum non conveniens* is an equitable doctrine exercised by courts to prevent the imposition of an inconvenient jurisdiction on a litigant. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 n.2 (Tex. 1994); *Yoroshii Investments (Mauritius) Pte. Ltd. v. BP Intern., Ltd.*, 179 S.W.3d 639, 643 (Tex. App.—El Paso 2005, pet. denied) (citing *Keller Dev., Inc. v. One Jackson Place, Ltd.*, 890 S.W.2d 502, 505 (Tex. App.—El Paso 1994, no writ)). A trial court is authorized to exercise the doctrine upon its determination that the interests of the litigants and witnesses warrant a different forum. *Yoroshii*, 179 S.W.3d at 643. The doctrine properly applies when personal jurisdiction exits over the parties, but the action has no significant connection to the forum. *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 568 (Tex. 2015).

Although the doctrine of *forum non conveniens* has its roots in common law, in 1993 it was codified to some extent by the Texas Legislature in the Civil Practice and Remedies Code. *See Daniels v. State*, 538 S.W.3d 139, 146 (Tex. App.—El Paso 2017, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.051(b), (i). Texas law recognizes two types of *forum non conveniens* dependent on the type of cause of action asserted. *Daniels*, 538 S.W.3d at 146–47. First, statutory *forum non conveniens* applies in cases involving personal injury or death. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b), (i). Second, for all other causes of action, common law *forum non*

7

*conveniens* applies to the circumstances. *See Daniels,* 538 S.W.3d at 147-48.

There are several important distinctions between statutory *forum non conveniens* and common law *forum non conveniens* which are worthy of mention but not exhaustively detailed. First, unlike common law *forum non conveniens*, statutory *forum non conveniens* includes mandatory language requiring dismissal of claims if the court finds it would be in the interest of justice and for the convenience of the parties. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b); *Daniels*, 538 S.W.3d at 147–48. Second, under statutory *forum non conveniens*, a court cannot stay or dismiss a claim if the plaintiff is a legal resident of Texas; this resident protection provision does not exist in common law *forum non conveniens*. *Id.* § 71.051(e); *Daniels*, 538 S.W.3d at 146; *In re Elamex*, *S.A. de C.V.*, 367 S.W.3d 879, 887 (Tex. App.—El Paso 2012, no pet.). Finally, Section 71.051 only applies to "personal injury" cases, which this Court has recently interpreted as excluding torts outside the scope of wrongful death or bodily injury claims. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(i); *Daniels*, 538 S.W.3d at 147–48. In contrast, common law *forum non conveniens* applies broadly to all cases not falling under Section 71.051. *See Daniels*, 538 S.W.3d at 148–49 (applying common law *forum non conveniens* analysis to claims for fraud, breach of fiduciary duty, defamation, malicious prosecution, false imprisonment, deprivation of First Amendment rights, deprivation of equal protection, and due process, conspiracy to defraud, and conspiracy to obstruct justice).

**Does Statutory *forum non conveniens* Apply to the Causes of Action Asserted?**

In *Daniels v. State of New Mexico*, we recently addressed which type of cause of action constitutes a "personal injury" for the purposes of Section 71.051. *Daniels*, 538 S.W.3d at 147. In *Daniels*, the plaintiff sued for fraud, breach of fiduciary duty, defamation, malicious

8

prosecution, false imprisonment, deprivation of First Amendment rights, deprivation of equal protection and due process, conspiracy to defraud, and conspiracy to obstruct justice. *Id*. Based on a survey of case law regarding Section 71.051, we concluded that actions for dismissal under that statute are confined only to claims of wrongful death or bodily injury and have not been applied to claims for other torts. *See id*. Supporting this narrow reading, we determined that the legislative history of the statute indicated that it was established in response to bodily injury and wrongful death claims arising from out-of-state asbestos-related cases. *See id*. Bearing these facts in mind, we interpreted the legislative intent of Section 71.051's "personal injury" language as requiring bodily injury. *See id.* In so doing, we declined to apply statutory *forum non conveniens* analysis to the plaintiff's non-personal injury claims, and applied common law *forum non conveniens* analysis instead. *See id*. at 147–48.

In this case, Appellants sued Appellees for abuse of process, conspiracy to abuse process, intentional infliction of emotional distress, conspiracy to commit intentional infliction of emotional distress, and money had and received. Appellants' claims of abuse of Mexican process and money had and received, and related conspiracy claims, do not sound in "personal injury" within the context of Section 71.051(i), and so we decline to apply statutory *forum non conveniens* analysis to those claims. *See id*. (declining to apply statutory *forum non conveniens* to malicious prosecution and fraud claims).[2]

---

[2] The elements of a cause of action for abuse of process are: (1) that the defendant made an illegal, improper, perverted use of the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process; and (3) that damage resulted to the plaintiff from the irregularity. *J.C. Penney Co. v. Gilford,* 422 S.W.2d 25, 31 (Tex. Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). To constitute an abuse of process, the process must be used to accomplish an end which is beyond the purview of the process, and which compels a party to do a collateral thing which he would not be compelled to do. *Blanton v. Morgan,* 681 S.W.2d 876, 878 (Tex. App.—El Paso 1984, writ ref'd n.r.e.). We do not believe that this cause of action sounds in "personal injury" in the

The question of whether Appellants' intentional infliction of emotional distress claim is a tort sounding in "personal injury" is a closer call. In *Plumley v. Landmark Chevrolet, Inc*., 122 F.3d 308, 311 (5th Cir. 1997), the Fifth Circuit Court of Appeals decided that an intentional infliction of emotional distress claim does not constitute a "cause of action for personal injury" for the purpose of the Texas Survival Statute because that tort does not "injure health, reputation, or body." In its decision, the Fifth Circuit relied on *Boyles v. Kerr*, 855 S.W.2d 593, 598 (Tex. 1993), which stated that there is no requirement that emotional distress manifest itself physically to be compensable in an intentional infliction of emotional distress claim. *See Plumley*, 122 F.3d at 311. We agree with the Fifth Circuit's reasoning, and conclude that because a claim of intentional infliction of emotional distress does not require a manifestation of physical injury,[3] it is also not a claim sounding in "personal injury" within the context of Section 71.051.

Since none of these claims sound in wrongful death or personal injury within the terms of Section 71.051, and in light of the controlling precedent of *Daniels*, we cannot apply statutory *forum non conveniens* and instead turn to common law *forum non conveniens* for our analysis.

---

context of Section 71.051.

Likewise, money had and received is a category of general assumpsit to restore money where equity and good conscience require refund. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ). Thus, this action is based on an injury to pecuniary interests, not bodily harm, and it does not fall into the category of "personal injury" for the purposes of Section 71.051(i) either.

[3] To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Standard Fruit & Vegetable Co. v. Johnson,* 985 S.W.2d 62, 65 (Tex. 1998). While physical injury is compensable if shown as a result of intentional infliction of emotional distress, it is not a required showing to prevail on an intentional infliction of emotional distress claim. *See id*.; *Schlueter v. Schlueter*, 975 S.W.2d 584, 587 (Tex. 1998) (an intentional infliction of emotional distress claim does not necessarily require evidence of the physical aspects of assault or battery); *Toles v. Toles*, 45 S.W.3d 252, 262 (Tex. App.—Dallas 2001, pet. denied) (if physical harm is present in an intentional infliction of emotional distress claim, it is considered as part of the damages).

*See Daniels*, 538 S.W.3d at 147–48 (applying common law *forum non conveniens* analysis instead of statutory *forum non conveniens* analysis when the plaintiff's claims were for fraud, breach of fiduciary duty, defamation, malicious prosecution, false imprisonment, deprivation of First Amendment rights, deprivation of equal protection, and due process, conspiracy to defraud, and conspiracy to obstruct justice).

### Common law *forum non conveniens*

We now consider whether the trial court abused its discretion in granting Appellees' motion to dismiss under the common law doctrine of *forum non conveniens*. *See id*. at 148. Generally, a plaintiff's choice of forum is entitled to deference, and a defendant seeking *forum non conveniens* dismissal "bears a heavy burden in opposing the plaintiff's chosen forum." *Quixtar*, 315 S.W.3d at 31 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007)). A non-resident plaintiff's choice to sue in Texas, however, enjoys "substantially less deference" than it would if the plaintiff had been a resident of Texas. *See id*. at 33. As such, a defendant's burden of proof is less stringent when plaintiffs are not Texas residents. *See id*.

#### *Availability and adequacy of an alternate forum*

This appeal necessarily begins with a threshold question of whether a Mexican court provides an "alternate" forum.[4] The doctrine of *forum non conveniens* presumes that at least two

---

[4] Ordinarily, an alternate forum is shown if the defendant is "amendable to process" in the other jurisdiction. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). There may be circumstances, however, where an alternate forum is not adequate because the remedies it offers are so unsatisfactory that they really comprise no remedy at all. *Id*. Yet, comparative analyses of procedures and substantive law in different forums should be given little weight in a *forum non conveniens* analysis because such analyses pose significant practical problems. *Id*. at 251, 102 S.Ct. at 263. Comparison of the "rights, remedies, and procedures"

forums are available to the plaintiff to pursue the claim. *Sarieddine v. Moussa*, 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ denied) (citing *Van Winkle-Hooker Co. v. Rice*, 448 S.W.2d 824, 826 (Tex. Civ. App.—Dallas 1969, no writ). For the presumption to apply, however, there must be a suitable alternate forum that is both "available" and "adequate." *Daniels*, 538 S.W.3d at 146 (citing *In re Elamex*, 367 S.W.3d at 887). An alternate forum is "available" if it has jurisdiction over all the parties and the whole case, or if there is evidence that all defendants are amenable to process or have consented to process in the alternate forum. *Id*. (citing *Yoroshii*, 179 S.W.3d at 643); *Tellez v. Madrigal*, 223 F.Supp.3d 626, 635 (W.D. Tex. 2016). An alternate forum is not considered "adequate" if the remedies it offers are so unsatisfactory that they really offer no remedy at all; but different or less advantageous remedies will not render an alternate forum inadequate. *Daniels*, 538 S.W.3d at 146 (citing *In re ENSCO Offshore Int'l Co*., 311 S.W.3d 921, 924 (Tex. 2010)).

The issue of whether an alternate forum is available and adequate is an issue considered in both statutory and common law *forum non conveniens* analysis, although we note the statutory analysis differs somewhat from the common law approach. Under Section 71.051(b), whether an alternate forum is available is but one of several factors considered in a statutory *forum non conveniens* analysis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(1–2); *In re ENSCO*, 311 S.W.3d at 925–26 (considering availability and adequacy in a statutory *forum non conveniens* analysis).

In contrast, under common law *forum non conveniens* analysis, whether a forum is both

_____

available in each forum would require a complex exercise in comparative law that the *forum non conveniens* doctrine is designed to help courts avoid. *Id*.

12

available and adequate is a threshold question to be answered before a court can weigh the public and private factors considered in a common law *forum non conveniens* analysis. *See In re Pirelli Tire*, 247 S.W.3d 670, 677 (Tex. 2007) ("[t]he *Gulf Oil* factors presuppose that an adequate alternative forum would have jurisdiction over the case") (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839 (1947)); *In re Elamex*, 367 S.W.3d at 887 ("[b]ecause the common law doctrine of *forum non conveniens* presumes that at least two forums are available to a plaintiff, a trial court must *first* determine whether an alternative forum exists, inquiring whether another forum is 'available' and 'adequate'") (emphasis added), *accord Daniels*, 538 S.W.3d at 147; *Grynberg v. Grynberg*, 535 S.W.3d 229, 235 n.5 (Tex. App.—Dallas 2017, no pet.) ("[g]enerally, before reaching the *Gulf Oil* factors, the first step of the *forum non conveniens* analysis is to consider whether an alternative forum exists that is available and adequate"); *Direct Color Services, Inc. v. Eastman Kodak Co.*, 929 S.W.2d 558, 563 (Tex. App.—Tyler 1996, writ denied) (the first step in a *forum non conveniens* analysis is to determine whether an alternate forum is available and adequate because the doctrine presumes that at least two forums are available to the plaintiff to pursue the claim, and the second and third steps in the analysis are to weigh the private and public interest factors).

Since we apply a common law *forum non conveniens* analysis to this case, we will first consider the threshold question of whether a Mexican court is an available and alternate forum as required by the doctrine.

### *Is a Mexican court an "available" alternate forum?*

Here, the record before us shows that Appellants are Mexican citizens, with Alvarez residing in New Mexico and Axiom being a Mexican corporation doing business in Mexico.

Since Appellants are non-resident plaintiffs, we apply the less stringent standard which lessens Appellees' burden of proof on their motion to dismiss for *forum non conveniens*. *See Quixtar*, 315 S.W.3d at 31 (a defendant seeking dismissal on *forum non conveniens* grounds "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," although a non-Texas resident's choice of forum receives less deference).

Next, we must determine whether all parties and all causes of action are available in Mexico. *See Daniels*, 538 S.W.3d at 146–47. Here, at least two of five appellees are clearly amenable to process in Mexico: Rosa Cano and Mario Delgado. The record shows that as a condition of the dismissal of Appellants' El Paso County lawsuit, these two Appellees, Rosa Cano and Mario Delgado, consented to process in a Mexican court for Axiom's lawsuit against them. *See id*. at 146 (citing *Yoroshii*, 179 S.W.3d at 643) (an alternate forum is available where defendants have consented to process in the alternate forum). Since Axiom filed a lawsuit in a Mexican court, it is established that it has consented to jurisdiction there and that a Mexican court is an available forum as to it. *See K2M3, LLC v. Cocoon Data Holding Pty. Ltd. ACN 127 993 300*, No. 13-11-00194-CV, 2012 WL 2469705, at *6 (Tex. App.—Corpus Christi June 28, 2012, pet. denied) (mem. op.) (an appearance in a foreign court is sufficient evidence to establish jurisdiction of that court for the purposes of considering its availability in a *forum non conveniens* analysis). Axiom, however, did not name other Appellees as defendants in its Mexican suit. In short, we may initially conclude that a Mexican court is an available alternate forum for the purposes of a *forum non conveniens* analysis as to Axiom, Rosa Cano, and Mario Delgado.

The answer is less clear regarding Appellant Alvarez, and Appellees Lucio Cano, Blanca Urquidi, and Patricia Ozuna. It can be inferred that Alvarez would submit to a Mexican court's

14

jurisdiction since he, as the director of Axiom, filed a lawsuit on its behalf in Mexico. While Appellants' letter from the Mexican attorney stated that a Mexican court would not have subject-matter jurisdiction over Blanca Urquidi or Patricia Ozuna, it is silent on whether a Mexican court would have personal jurisdiction over these parties. Neither of these parties, nor Lucio Cano for that matter, live in Mexico. Further, unlike Rosa Cano and Mario Delgado, Appellees Lucio Cano, Blanca Urquidi, and Patricia Ozuna, have not consented to a Mexican court's jurisdiction.

Likewise, nothing in the record indicates that any of these parties are amenable to process in Mexico, with the possible exception of Blanca Urquidi, who travels to Ciudad Juarez several days a week to engage in a dentistry practice. In addition, the trial court's findings of fact and conclusions of law in support of its grant of Appellees' motion to dismiss is silent on the issue of whether a Mexican court is available or adequate for the purposes of a *forum non conveniens* analysis. Without addressing whether the forum is "available" as to all parties, the court's conclusion of law merely states without further explanation that a court in Mexico is an "alternative" forum.

Based on the record before us, we find that the trial court abused its discretion in finding that a Mexican court is an available forum as to Appellees Lucio Cano, Blanca Urquidi, or Patricia Ozuna, even considering the less stringent standard being applied due to Appellants' status as non-residents of Texas. *See Quixtar*, 315 S.W.3d at 31 (a defendant seeking dismissal on *forum non conveniens* grounds "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," although a non-Texas resident's choice of forum receives less deference) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007)). Under Texas law, it is possible that a Texas court could assert its jurisdiction over nonresident

15

defendants through the Texas long-arm statute; yet, the record is silent on whether a Mexican court could exercise similar power over the defendants living in Texas, and Appellees have not met their burden at the trial court by presenting evidence that a Mexican court would have such jurisdiction over all parties and claims in the case.[5]  *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045 (sections relevant to the Texas long-arm statute, which allows Texas courts to exercise jurisdiction over nonresident defendants); *see also BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (describing the Texas long-arm statute generally).   In particular, Appellees have presented no evidence demonstrating that a Mexican court would have personal jurisdiction over Lucio Cano, Blanca Urquidi, or Patricia Ozuna, or that they would be amenable to process in Mexico or have consented to jurisdiction there; thus, a Mexican court is not an available alternate forum as to those parties.[6]

---

[5] In other *forum non conveniens* cases involving foreign courts' assertion of personal jurisdiction over nonresident defendants, parties have presented evidence, such as affidavits or testimony by experts in international law, to support the notion that a court would have personal jurisdiction over a party, or that a party would be amenable to process in that country.   *See, e.g., In re Bridgestone*, 459 S.W.3d at 577 (defendant presented testimony by an expert in Mexican law that Mexican courts would have jurisdiction over all defendants in its motion to dismiss for *forum non conveniens*); *DTEX, LLC v. BBVA Bancomer, S.A*., 508 F.3d 785, 796 (5th Cir. 2007) (both parties presented affidavits by experts on Mexican law regarding adequacy and availability of foreign forum); *In re Dauajare-Johnson*, No. 14-14-00256-CV, 2014 WL 3401094, at *4 (Tex. App.—Houston [14th Dist.] July 10, 2014, orig. proceeding) (mem. op.) (plaintiff produced expert testimony from Mexican law expert on Mexico's jurisdiction over parties).   Appellees did not present such evidence in support of their motion to dismiss for *forum non conveniens*, and based on the record before us, the trial court abused its discretion by concluding that a Mexican court would have personal jurisdiction over Lucio Cano, Blanca Urquidi, or Patricia Ozuna, or that those parties would be amenable to process in Mexico.

[6] Nevertheless, Appellees cite to the Texas Supreme Court case of *In re Bridgestone* for the propositions that (1) in the context of a *forum non conveniens* analysis, Texas courts have recognized Mexican courts' ability to "seize jurisdiction" when a foreign court rejects a suit on *forum non conveniens* grounds, and (2) that dismissal on *forum non conveniens* grounds was supported even when one of the named defendants stated that he would not submit to the jurisdiction of Mexican courts.   *See In re Bridgestone*, 459 S.W.3d at 577.   In *Bridgestone*, the defendants in the case presented testimony from a Mexican-law expert in support of similar contentions as are made here, and supportive of the Mexican court's jurisdiction over all defendants of the case. *Id.* Yet unlike the defendants in *Bridgestone*, Appellees here did not similarly present evidence in support of their motion to dismiss that affirmatively showed that a Mexican court exercise jurisdiction over all parties in this case. *See id.* As such, we find *Bridgestone* to be distinguishable, and disagree with Appellees' argument that a Mexican court would have jurisdiction over all

16

In their motion for rehearing, Appellees cite *Dickerson v. Doyle*, 170 S.W.3d 713, 719 n.8 (Tex. App.—El Paso 2005, no pet.) for the proposition that "Texas courts must presume [that] foreign law to be the same as that of Texas," and therefore both a Texas and a Mexican court would have jurisdiction over Blanca Urquidi, Lucio Cano, and Patricia Ozuna.   Appellees argue that this is so because Urquidi and Cano work in Mexico, Cano frequently resides in Mexico and is a citizen of that country, and Ozuna holds dual citizenship with the United States and Mexico, and thus each party has sufficient contacts with Mexico to render them subject to jurisdiction in that forum.   In *Dickerson*, we cited several cases which presumed the laws of several states and Mexico would be the same as Texas law.  *See id.* (citing *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex. 1963); *J. Parra e Hijos, S. A. de C. V. v. Barroso*, 960 S.W.2d 161, 167 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 72 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.) and *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 465 n.2 (Tex. 1969)).

Nevertheless, we find *Dickerson* and the cases cited therein to be distinguishable and inapplicable in this circumstance.  *Dickerson*, *Ogletree*, *Country Cupboard, Inc*., and *Gevinson* all involved parties who were residents of various states within the United States, and not of foreign nations.   While the laws regarding personal jurisdiction may vary from state to state in the United

---

defendants in this case when Appellees did not present evidence establishing that contention.

Appellees also point to the fact that Appellants' lawyer's report mentioned that this case "is not a matter of personal jurisdiction, but of the subject matter jurisdiction of the Mexican court," since Blanca Urquidi and Patricia Ozuna were not parties to the contract with Axiom, and therefore Axiom is not entitled to sue them under Mexican law. Although we note the Mexican lawyer included a passing comment about personal jurisdiction, the report does not clearly establish that a Mexican court would have personal jurisdiction over Blanca Urquidi or Patricia Ozuna, or that either party is amenable to process in Mexico.   Thus, we are unable to consider the report as evidence tending to establish either contention.

States, they are all subject to the constitutional requirements of due process and Supreme Court jurisprudence regarding the exercise of personal jurisdiction over defendants; however, we cannot say the same is true for a Mexican court, which would not be subject to those constraints. Further, none of the cited cases implicated whether we should presume that a foreign state court's ability to exercise personal jurisdiction over a defendant would be identical to a Texas court's ability to do so, but rather only whether we should presume that other states' substantive laws were the same as Texas's. As such, we find these cases distinguishable and decline to presume that Mexican law regarding personal jurisdiction is the same as Texas's law on that matter.

Likewise, we find *Barroso* inapposite. There, the Corpus Christi Court of Appeals concluded that provisions in the Uniform Commercial Code applied to a business transaction which "significantly touched" Texas and Mexico, noting that since neither party urged the application of Mexican law, "Texas courts must presume the foreign law to be the same as that of Texas." *Barroso*, 960 S.W.2d at 167 n.6 (citing *Country Cupboard, Inc.*, 570 S.W.2d at 72) (quotation marks omitted). Although we note that *Barroso* involved the law of a foreign country, Mexico, and that our sister court applied Texas law to the transaction, the court did not attempt to speculate what the result of the litigation would be under Mexican law. *See id*. at 167. Again, we decline to speculate that Mexico's personal jurisdiction laws are the same as that of Texas's because Mexico's laws are not subject to the constraints of the Due Process Clause or related Supreme Court jurisprudence. We further decline to speculate whether a Mexican court would have personal jurisdiction over these parties when the record does not indicate that this would be the case.

18

Finally, we note that Appellees cite our decision in *Daniels*, 538 S.W.3d at 148, for the proposition that when defendants are "citizens" of a foreign forum, they are subject to personal jurisdiction in that forum. There, we determined that all defendants in a lawsuit had either submitted to jurisdiction in New Mexico, or were residents of that state, and that New Mexico was an available alternate forum. *See id*. Although we stated that the defendants were "citizens" of New Mexico, we based our conclusion on the fact that the defendants were *residents* of New Mexico, not as *citizens* of that state or the United States generally. *See id*. If we were to adopt Appellees' reasoning, any citizen residing in any jurisdiction in the United States would be subject to jurisdiction in any state by virtue of their status as a United States citizen; this is contrary to Texas's statutory laws regarding personal jurisdiction and associated jurisprudence from our courts and the United States Supreme Court, all of which require a defendant to either be a resident of the forum state or have sufficient minimum contacts with that state. As such, if we were to apply Texas law to the context of whether a Mexican court would have jurisdiction over Ozuna, who holds dual citizenship with the United States and Mexico but does not reside in or have other contacts with Mexico, she would not be subject to personal jurisdiction in a Mexican court because her citizenship alone, without residency in Mexico or sufficient minimum contacts in Mexico, would not confer personal jurisdiction over her to a Texas court.

Since Appellees did not meet their (albeit diminished) burden to show that Mexico was an available alternate forum as to *all* parties, we conclude that the trial court abused its discretion in granting the motion to dismiss on *forum non conveniens* grounds. *See Tullis*, 45 S.W.3d at 131–32 (a defendant fails to meet its burden in showing an alternate forum is available when it fails to produce evidence that all parties would be amenable to service in a foreign court and subject to its

19

jurisdiction); *see also Quixtar*, 315 S.W.3d at 32 (a defendant has a diminished burden in a *forum non conveniens* dismissal where the plaintiff is a nonresident in the forum of suit). Since we resolve Appellants' issue by determining that no alternate forum has been shown to be available, we need not address whether the alternate forum provides an adequate remedy, or to address the public and private factors of *Gulf Oil* as required in a common law *forum non conveniens* analysis. *See In re Elamex*, 367 S.W.3d at 887 ("[b]ecause the common law doctrine of *forum non conveniens* presumes that at least two forums are available to a plaintiff, a trial court must *first* determine whether an alternative forum exists, inquiring whether another forum is 'available' and 'adequate'") (emphasis added). Likewise, because we sustain Appellants' first issue, we need not address Appellants' second or third issues at this time. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having sustained Appellants' first issue, we deny Appellees' motion for rehearing, reverse the trial court's February 26, 2016 order granting Appellees' motion to dismiss for *forum non conveniens*, and remand the case to the trial court for further proceedings consistent with this opinion.

GINA M. PALAFOX, Justice

January 4, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

20