

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00395-CV |
| ENVY BLOCKCHAIN, INC., NV LANDCO 1 LLC, and STEPHEN DECANI, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relators. | § | |
| | § | |

## MEMORANDUM OPINION

This mandamus arises out of a dispute over the financing, ownership, and control of a Bitcoin mining facility located near Monahans, Texas. The litigants include British citizens (one who resides in Dubai), two English companies, and two Texas companies. After suit was filed in the 109th Judicial District of Crane County, Texas, three parties moved to dismiss the suit under forum non conveniens, asserting that any claim should be pursued in England or Cyprus. This mandamus challenges the trial court's denial of that relief. We deny the petition for mandamus.

## I. BACKGROUND

In 2021, Real Party in Interest Olyvia Kwok—through her entities, Real Parties in Interest Willstone Management Limited (Willstone) and Willscape Partners Limited (Willscape)—entered a partnership with Relator Stephen Decani—through Relators Envy Blockchain, Inc. (Envy) and

NV LandCo 1 LLC (LandCo)—for the development and operation of a bitcoin mining operation located near Monahans, Texas.[1] Kwok is a British citizen, Willstone and Willscape' principal place of business is in London.

Marvlos Holdings, LTD (Marvlos) is a foreign corporation that serves as the holding company of Envy and LandCo.[2] Envy is the operator of the mining facility, while LandCo, owns the real property on which the mining facility sits. The mining facility is physically located at 10130 FM 1053 near Monahans, Texas.[3] Envy is a Delaware corporation with its principal office address at the mining facility (10130 FM 1053). LandCo is a Texas corporation with its principal place of business in Travis County, Texas. Decani is a citizen of England but resides in Dubai, United Arab Emirates.

The bitcoin mining venture required funding for its development, operation, and the purchase of land. To fund the venture, Kwok, through her entities, Willstone and Willscape, invested millions with Envy and LandCo. The invested funds (alleged to be nearly four million dollars) were in part paid to Texas companies on behalf of Envy and LandCo. Approximately $862,000 was paid to Priority Power Management, LLC—a Texas corporation—for the purchase of the land near Monahans, and over $3 million paid to Moonshot Pods, LLC—a Texas corporation—for the design and construction of the mining facility.[4]

---

[1] Bitcoin is a form of cryptocurrency, and bitcoin mining is the process of verifying and adding new transactions to the blockchain by solving complex mathematical problems using computer software to earn newly created bitcoins, which can then be sold or held as an asset.

[2] Marvlos is not a party to the underlying suit or to this petition for writ of mandamus.

[3] Monahans is in Ward County, but near the Crane County line. We take it that the facility is located in Crane County, but uses a Monahans mailing address.

[4] Moonshot Pods, LLC constructed the mining facility near Monahans. Moonshot is not a party to the underlying lawsuit, but initiated its own suit against Envy and LandCo for work that it claims is unpaid. That lawsuit is currently pending in Crane County.

Kwok and her entities filed suit in Crane County against Decani, Envy, and LandCo, asserting claims of fraud, breach of fiduciary duty, assault, conspiracy to commit fraud, knowing participation in breach of fiduciary duty, and promissory estoppel. According to Kwok's petition, Decani represented he would equally invest in the venture, but failed to follow through with that representation. Kwok also later learned that Decani attempted to transfer ownership of the venture to a third party, Protostream, LLC, without her knowledge or involvement.[5] Kwok and her entities seek declarations on the parties' respective rights of the venture regarding revenue, profits, entitlement to sale proceeds, and entitlement to reimbursement of unequal contributions. They also seek equitable relief for the recovery of any benefits received by Relators, including the placement of a constructive trust on the real property in Texas. Willstone separately seeks to have the court award it title to that real property.

Envy and LandCo moved to dismiss the suit for forum non conveniens, and Decani filed his own similar motion. Envy and LandCo argued that the subject matter of the lawsuit is the "corporate governance and funding of the [venture] which is a Limited Company filed in Cyprus under the name Marvlos . . . . Therefore, the appropriate and proper venue for this dispute would in [] England or Cyprus." Decani similarly argued venue was proper in either England or Cyprus because Kwok and Decani are both citizens of the United Kingdom, and Willstone and Willscape are both foreign corporations with their respective places of business in London. Envy and LandCo also filed a plea to the jurisdiction and argued that the district court lacked jurisdiction against Envy and LandCo because the proper defendant is Marvlos, which Relators claim is a Cypriot

---

[5] Protostream, LLC assisted in constructing the mining facility. Protostream is not a party to the underlying lawsuit or to this petition, but also initiated suit against Envy and LandCo for outstanding balances it claims are owed it. That lawsuit is also currently pending in Crane County.

corporation that serves as a holding company for Envy and LandCo. Following a hearing, the district court denied both motions. This petition for writ of mandamus followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The doctrine of forum non conveniens "den[ies] audience to a case on the merits, [requiring instead] that the merits should be adjudicated elsewhere." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (internal quotes and citations omitted). A trial court should apply the doctrine of forum non conveniens when it determines that, for the convenience of the parties and witnesses and in the interest of justice, the action should be instituted in another forum. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 n.2 (Tex. 1994); *Diaz v. Todd*, 618 S.W.3d 798, 804 (Tex. App.—El Paso 2020, no pet.). The doctrine properly applies when the court might otherwise have personal jurisdiction over the parties, but the action lacks a significant connection to the forum. *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 568 (Tex. 2015). For Texas wrongful death and survival claims, the analysis is dictated by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.051 (setting out specific test for wrongful death and survival claims); *Alvarez Gottwald v. Dominguez de Cano*, 568 S.W.3d 241, 246 (Tex. App.—El Paso 2019, no pet.) (distinguishing requirements between the statutory and common law). But as there are no personal injuries claimed here, our forum non conveniens analysis is dictated by the common law.

Texas courts have routinely looked to a well-developed body of federal law to guide forum non conveniens disputes. *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 32 (Tex. 2010) (per curiam) ("[W]e regularly consider United States Supreme Court precedent in both our common law and statutory forum non conveniens cases."); *In re Omega Protein, Inc.*, 288 S.W.3d 17, 20 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (noting same).

At its core, forum non conveniens is a balancing act. Courts balance the plaintiff's choice of forum against how a set of public and private interests might "strongly favor" an available alternate forum. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983) ("[A] forum non conveniens dismissal must be based on the finding that, when weighed against plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate and available alternative forum."). Stated otherwise, the plaintiff's choice of forum is entitled to deference, and a defendant seeking forum non conveniens dismissal "bears a heavy burden" to overcome that chosen forum. *Quixtar*, 315 S.W.3d at 31 (citing *Sinochem*, 549 U.S. at 430); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards dismissal and trial in the alternative forum."). That said, a non-resident plaintiff's choice to sue in Texas enjoys "substantially less deference" than it would if the plaintiff had been a resident of Texas. *Quixtar*, 315 S.W.3d at 33.

There is of course nothing to balance if there is no alternative forum that is both adequate and available. *See Reyno*, 454 U.S. at 249, 254–55, n.22; s*ee also In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 887 (Tex. App.—El Paso, 2012, no pet.) ("[b]ecause the common law doctrine of *forum non conveniens* presumes that at least two forums are available to a plaintiff, a trial court must *first* determine whether an alternative forum exists, inquiring whether another forum is 'available' and 'adequate'") (emphasis added); *Alvarez Gottwald*, 568 S.W.3d at 249 ("[U]nder common law *forum non conveniens* analysis, whether a forum is both available and adequate is a threshold question to be answered before a court can weigh the public and private factors considered in a common law *forum non conveniens* analysis."). Thus, a court must first determine whether an available alternative forum exists, which requires a consideration of whether the

defendant is amenable to process in the proffered jurisdiction, then whether an adequate alternative forum exists. *See Reyno*, 454 U.S. at 254–55 n.22.

Only if such an alternate forum exists, the court then looks to the relevant public and private interests, first laid out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). The private considerations include: (1) the "relative ease of access to sources of proof"; (2) the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) the "possibility of view of premises, if view would be appropriate to the action"; (4) the "enforceability of a judgment" once obtained; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508. The public considerations include: (1) "[a]dministrative difficulties . . . for courts when litigation is piled up in congested centers instead of being handled at its origin"; (2) the burden of "[j]ury duty . . . that ought not to be imposed upon the people of a community which has no relation to the litigation"; (3) "local interest in having localized controversies decided at home"; and (4) avoiding conflicts of law issues. *Id.* at 508–09.

When these issues come before us by mandamus, we review a trial court's forum non conveniens ruling for a clear abuse of discretion. *Alvarez Gottwald*, 568 S.W.3d at 246. "[A] trial court abuses its discretion if its forum-non-conveniens ruling is arbitrary, unreasonable, and without reference to guiding principles." *In re Pirelli Tire*, LLC, 247 S.W.3d 670, 673 (Tex. 2007). "At the appellate level, our duty is to review the trial court's decision-making process and its conclusion to determine whether it is reasonable; however, we are not to perform a de novo analysis or mechanically reweigh each of the forum non conveniens factors." *In re Publicaciones E. Impresos del Norte, S. de R.L. de C.V.*, 661 S.W.3d 569, 574 (Tex. App.—El Paso 2023) (orig. proceeding).

## III. DISCUSSION

In a single issue, Relators assert the district court abused its discretion in denying their motions to dismiss on forum-non conveniens grounds. We start with the gateway issues of availability and adequacy of an alternate forum.

A "foreign forum is available when the entire case and all the parties can come within the jurisdiction of that forum." *Sarieddine v. Moussa*, 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ denied) (quoting *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 727 (5th Cir. 1990)). Relators view the subject of the lawsuit as a dispute over the "corporate governance standards and rules with respect to the Cyprus entity []"—Marvlos, the holding company set up in Cyprus. They argue that Cyprus is "well situated" because that is where Marvlos in incorporated. Alternatively, England is a proper forum as Willstone and Willscape's principal place of business is London. While Envy and Landco are Texas companies, their executives are alleged to be in Dubai. And Relators urge that the situs of the Bitcoin mining facility in Monahans was a mere fortuity.

In response, the Real Parties in Interest point out that Envy and LandCo are both Texas residents that have no connection either to England or Cyprus. Envy's principal operations are in Texas and LandCo is a Texas LLC formed to hold real property in Texas. The record is silent on whether an English or Cypriot court would have personal jurisdiction over these parties. Nothing in the record supports that Envy and LandCo conduct business in England or Cyprus. Conversely, plaintiffs' pleadings make claims against Envy and LandCo—*not Marvlos*—over acts in or connected with Texas.[6] The allegations against Relators are premised on alleged fraudulent

---

[6] Even accepting as true that Marvlos is a holding company for Envy and Landco, Texas recognizes the separateness of distinct corporate entities. *See State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 435 (Tex. 2023) ("The Court acknowledges, as it must, the longstanding principle that 'parent and subsidiary corporations are presumed to be separate from one another.' Accordingly, Texas courts generally do not impute the contacts of a subsidiary doing business in the state to its parent.") (citations omitted).

misrepresentations to Kwok and her entities to induce them to invest in the venture, which is located and operates in Monahans. Kwok's investments to the venture were made directly to Envy or to third parties doing business in Texas, on behalf of Envy and LandCo. The petition further alleges acts committed by Decani in Texas as the CEO and manager of Envy and LandCo, including his alleged attempt to secretly transfer ownership of LandCo.

As to the second threshold showing, an "alternative forum is adequate only if 'the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.'" *Publicaciones*, 661 S.W.3d at 578. Relators contend that either England or Cyprus provides an adequate alternative forum. They state: "Cyprus or UK courts afford Plaintiffs a potential remedy as Plaintiffs will have the right to file claims in those courts[]" and "[t]here are no facts in this case which show any unfairness of a UK or Cyprus court." Missing, however, are any *proofs* about the remedies available or fairness of procedure in either England or Cyprus. *See Vinmar*, 336 S.W.3d at 675 (noting the adequacy or inadequacy of a proffered forum is ordinarily established by expert affidavits). Here, neither party offered expert testimony to the adequacy of either English or Cypriot courts, or their respective substantive law.

Real Parties in Interest home in on that issue, noting that they are seeking a declaration of title to the Monahans property, and Relators have not shown how an English or Cypriot court could give title to land in Texas. Kwok and her entities seek a constructive trust over real property in Texas, and equitable title to that real property, based on funding provided by them in Texas. Relators have not cited, nor are we aware of, any authority supporting the proposition that English or Cypriot courts can adjudicate and enforce a constructive trust or equitable title concerning real property located in Texas.

On this record, we therefore conclude that Relators have not met their burden to show that the trial court abused its discretion in denying the motion to dismiss the case for forum non conveniens.[7] Relators' sole issue is overruled.

## IV. Conclusion

Relators have not shown that the district court abused its discretion in denying their motions to dismiss for forum non conveniens. Accordingly, we deny Relators' petition for writ of mandamus.

JEFF ALLEY, Chief Justice

December 4, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

---

[7] As we conclude that the record fails to show that the trial court abused its discretion in deciding the gateway issues of availability and adequacy of another forum, we decline to address how the private- and public-interest factors weigh on dismissal. *See In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 887 (Tex. App.—El Paso, 2012, no pet.) ("[b]ecause the common law doctrine of forum non conveniens presumes that at least two forums are available to a plaintiff, a trial court must first determine whether an alternative forum exists, inquiring whether another forum is 'available' and 'adequate'"); *Alvarez*, 568 S.W.3d at 249 ("[U]nder common law forum non conveniens analysis, whether a forum is both available and adequate is a threshold question to be answered before a court can weigh the public and private factors considered in a common law forum non conveniens analysis").